**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *BRIDGETTE S. JACKSON*,           Plaintiff, | )<br>)<br>) |
| *v.* | )<br>) |
| *I.C. SYSTEM, INC.*,           Defendant. | )<br>)<br>) |

**COMPLAINT**

Plaintiff Bridgette Jackson, by her counsel, Paúl Camarena, respectfully complains as follows:

**Introduction.**

1)       The Fair Debt Collection Practices Act prohibits a debt collector to report that a consumer owes a debt amount without disclosing that the consumer disputes that debt. In the case at bar, Debt Collector-Defendant I.C. System, Inc. reported to credit reporting agencies that Ms. Bridgette Jackson owed a debt of almost $ 1,000 to Comcast Corporation, but did not disclose that Ms. Jackson disputed that she owed any such debt. Thus, Defendant I.C. System Inc. violated the F.D.C.P.A.

**Jurisdiction and Venue.**

2)       Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Bridgette Jackson is a "consumer" as that term is defined in the FDCPA, at 15 U.S.C. § 1692a(3), and Ms. Bridgette Jackson resides within the Eastern Division.

4) Defendant I.C. System Inc. is a "debt collector" as that term is defined in the Act, at 15 U.S.C. § 1692a(6). Defendant Defendant I.C. System Inc. is also a corporation authorized to transact business in Illinois.

**Factual Allegations.**

5) Ms. Bridgette Jackson has had an account with Comcast for the past several years, her account number with Comcast starts with digits other than 123122, and her actual account with Comcast has always been, and continues to be, current.

6) In 2020, Debt Collector Credit Management, L.P. began reporting to credit reporting agencies that Ms. Jackson had a personal account with Comcast, that her account number with Comcast was "123122XXX," and that Ms. Jackson's account was seriously past dues in the amount of $ 920.

7) Ms. Jackson disputed Debt Collector Credit Management LP's reported information with credit reporting agencies, and Debt Collector Credit Management LP had the credit reporting agencies delete its reported information about Ms. Jackson.

8) Upon information and belief, Debt Collector Credit Management LP advised its client Comcast that Ms. Jackson disputed that she had an account with an account of "123122XXX" that was seriously past dues in the amount of $ 920.

9) Upon information and belief, Comcast then contracted Debt Collector-Defendant I.C. System to attempt to collect from Ms. Jackson on account number "123122XXX" that was seriously past dues in the amount of $ 920.

10) Upon information and belief, Comcast provided its file to Defendant IC System and Comcast's file included Debt Collector Credit Management LP's statement that Ms. Jackson disputed that she had an account with an account number of "123122XXX" that was seriously past dues in the amount of $ 920.

11) Nevertheless, Defendant IC System reported to credit reporting agencies that Ms. Jackson had an account through Comcast with an account number of "123122XXX" that was seriously past dues in the amount of $ 920.

12) Despite Defendant IC System's receipt of Debt Collector Credit Management LP's statement that Ms. Jackson disputed that she had an account with account number of "123122XXX," the Defendant failed to disclose that Ms. Jackson disputed that she ever had this account.

13) When a furnisher relates an ongoing dispute, the credit reporting agency records the dispute in the credit report and does not include the derogatory information in assessing the credit score. Thus, Defendant IC System's decision to report the debt but not the dispute resulted in a much lower credit score for Ms. Jackson than a report of both the debt and the dispute.

14) In fact, immediately after Defendant IC System reported to credit reporting agencies that Ms. Jackson had an account through Comcast with an account number of "123122XXX" that was seriously past dues in the amount of $ 920, Ms. Jackson's credit score fell by at least 20 points.

15) Because of Defendant IC System's conduct, Ms. Jackson suffered an injury in fact because, *inter alia*, she suffered a real risk of financial harm caused by an inaccurate credit rating.

16) Because of Defendant IC System's conduct, Ms. Jackson also suffered an injury in fact

because she refrained from applying for a mortgage loan, although she had been planning to do so, so as not to expose her lower credit score to potential future lenders.

## Causes of Action.

### Count One.

17) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt [was] disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (7th Cir. 2018).

18) Defendant IC System violated Subsection 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

## Prayer for Relief.

WHEREFORE, Ms. Bridgette Jackson prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant IC System) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff's, Bridgette Jackson's, Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494